G. Thomas Martin, III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
6464 W. Sunset Blvd, Suite 960
Los Angeles, CA 90028
Telephone: 323.940.1700
Facsimile: 323.328.8095
tom@mblawapc.com
nick@mblawapc.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA CRAWFORD,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>COMENITY , LLC dba COMENITY CAPITAL BANK,<br><br>　　　　Defendant(s). | Case No.: 5:17-cv-2249<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. DIANA CRAWFORD (Plaintiff), through her attorneys, brings this action to secure redress from COMENITY , LLC dba COMENITY CAPITAL BANK (Defendant) for violations of the Equal Credit Opportunity Act, 15 U.S.C. 1691 et seq. ("ECOA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. § 1788 et seq. ("RFDCPA")

2. Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in taking an "adverse action" as defined by the ECOA against Plaintiff

and her credit account and failing to provide Plaintiff with the requisite written notice advising of said "adverse action" and a written explanation to why such action took place.  Plaintiff also seeks damages and any other available legal or equitable remedies resulting from Defendant's unlawful and abusive debt collection practices against Plaintiff such as seeking the collection of an amount of alleged debt not authorized per parties or contract and for placing repeated and harassing telephone calls seeking to collect such debt.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the ECOA, 15 U.S.C. 1691 *et seq*.

4. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1691(e)(f), which states that, "Any action under this section may be brought in the appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction."

5. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Defendant, a corporation, maintains a business offices throughout California and does or transacts business within this District and Plaintiff resides within this district.

6. Plaintiff is a natural person residing in Riverside County, State of California.

7. Defendant is a corporation with its State of Incorporation being Ohio.

## FACTUAL ALLEGATIONS

8. On or about February, 2016, Plaintiff applied for and was approved for an extension of credit for a PayPal Credit account, which is funded and serviced

by Defendant. The amount of credit extended to Plaintiff upon review and approval of his application was $3,000.00.

9. Plaintiff then utilized this extension of credit from Defendant to purchase "points" for her and her husband's timeshare agreement with Worldmark.

10. From February 2016 through June 2017, Plaintiff made all necessary payments on her credit account with Defendant.

11. However, in May of 2017, while disputing a particular charge via telephone with Defendant, it was discovered that Plaintiff and her husband inadvertently miswrote the last 4 digits of her husband's Social Security Number on his application (notwithstanding the fact that Plaintiff's husband otherwise qualified for and was approved for the $6,000.00 credit extension despite this error).

12. Both Plaintiff and her husband made significant efforts with Defendant to simply cure the inadvertent typographical error by providing Plaintiff's husband's full and accurate Social Security Number.

13. However, Defendant refused to accept the correct Social Security Number and threatened Plaintiff with immediate transfer of the balance on her husband's credit account over to her own account without further delay or explanation.

14. In June 2017, Plaintiff reviewed her online account and discovered that Defendant did indeed close Plaintiff's husband's account. What is more, Defendant inexplicably made the unilateral decision to transfer Plaintiff's husband's balance directly over to Plaintiff's credit account without permission, without legal justification, and without any further notice.

15. To date, Defendant has never provided Plaintiff with written notice of the transfer of balance to her account, and/or any written explanation as to why Defendant took such action.

16. The change of terms of an existing credit account constitutes an "adverse action" as defined by 15 U.S.C. § 1691(d)(6).

17. As such, pursuant to 15 U.S.C. § 1691(d)(2), "Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—
**(A)** providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
**(B)** giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request."

17. Thus, Defendant's conduct is in direct violation of the ECOA.

18. As a result of Defendant's conduct, Plaintiff has suffered damages in the form of lost credit opportunities, loss of available credit, further expenditure of household finances due to the increase in payments requested by Defendant, needles expenditure of time in attempting to rectifying this issue to no fault of her own, and various other tangibles and intangibles to be determined by the fact finder at Trial.

19. Further, beginning in July of 2017, Defendant began placing constant and continuous collection calls to Plaintiff seeking to collect the now unlawfully enlarged balance.

20. Defendant placed upwards of six (6) or more collection calls in a single day to Plaintiff on a virtual daily basis throughout July and August of 2017.

21. Defendant's intentions were to harass and annoy Plaintiff via the onslaught of calls into making further payment on the unlawfully enlarged account.

# COUNT I:
## DEFENDANT VIOLATED THE EQUAL CREDIT OPPORTUNITY ACT

22. As described above, Defendant's conduct constitutes violations of the ECOA, 15 U.S.C. § 1691, et seq.

23. The change of terms of an existing credit account constitutes an "adverse action" as defined by 15 U.S.C. § 1691(d)(6).

24. As such, pursuant to 15 U.S.C. § 1691(d)(2), "Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—
**(A)** providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
**(B)** giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the statement of reasons confirmed in writing on written request."

# COUNT II:
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b)   Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances;

(c)   Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

27.   Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

28.   As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DIANA CRAWFORD respectfully requests judgment be entered against Defendant, COMENITY CAPITAL BANK, for the following:

29.   Actual damages per Statute;

30.   Statutory damages per Statute;

31.   Punitive Damages per Statute;

32.   Costs and reasonable attorneys' fees per Statute;

33.   For prejudgment interest at the legal rate; and

34.   Any other relief this Honorable Court deems appropriate.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

RESPECTFULLY SUBMITTED,

Dated: November 2, 2017      **MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager

Nicholas J. Bontrager
*Attorney for Plaintiff*